UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PROSHOT CONCRETE, INC., )
4158 Musgrove Drive )
Florence, Alabama  35630 )
)
      Plaintiff, )
)
v. )   Civil Action No.
)
LIBERTY MUTUAL INSURANCE CO., )
R/A: Corporation Service Company )
84 State St. )
Boston, MA 02109 )
)
      Defendant. )
)

## COMPLAINT

Plaintiff Proshot Concrete, Inc. states as follows for its complaint against defendant Liberty Mutual Insurance Company:

### Parties, Jurisdiction and Venue

1. Proshot Concrete, Inc. ("Proshot") is an Alabama corporation with its principal place of business located in Alabama.

2. Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation with its principal place of business located in Massachusetts.

3. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this Court because a substantial portion of the events giving rise to the claim occurred in the District of Columbia.

## Facts

5.  On or around January 13, 2010, Proshot entered into a contract with the District of Columbia Water and Sewer Authority ("D.C. Water") to rehabilitate various sewer lines throughout the District of Columbia ("Project").

6.  On or around June 1, 2012, Proshot and Lanzo Lining Services, Inc. ("Lanzo") entered into a subcontract whereby Lanzo agreed to install a 45" Cured in Place Pipe ("CIPP") Lining for Proshot at a Project site known as site # 6 ("Subcontract"). A true and correct copy of the Subcontract is attached as "Exhibit A."

7.  As required by the Subcontract, Lanzo obtained surety for its performance; Liberty furnished a performance bond in the amount of $269.861.00, with Lanzo as its principal ("Bond"). A true and correct copy of the Bond is attached as "Exhibit B."

8.  Article 3 of the Subcontract provides, "If a delay in the progress of the work being performed by the Contractor or any other Subcontractor be caused, or contributed to, by the Subcontractor, and such delay shall result in any cost, expense or damages...to the Contractor, then the Subcontractor agrees to be liable for such damages."

9.  Due to delays when installing the CIPP, which Lanzo caused, Proshot was forced to divert resources from other projects and bring in additional personnel and support and maintain them at site # 6 until Lanzo could complete its work.

10. As a result of Lanzo's delays, Proshot incurred substantially greater

expenses than it would have if Lanzo had timely performed.

11.     When Lanzo completed installation, D.C. Water conducted a video inspection of Lanzo's work.

12.     The work Lanzo agreed to perform was deficient and was not completed to D.C. Water's satisfaction.

13.     Due to flaws and mistakes in Lanzo's installation, D.C. Water required remedial measures and a second video inspection before accepting Lanzo's work.

14.     Proshot was required to devote resources to remediating Lanzo's mistakes, and to mobilize for a second inspection, which caused Proshot to incur the cost of additional equipment and labor in February and March of 2013.

15.     The Subcontract further requires that Lanzo issue a 5-year warranty on its materials and workmanship and pay all costs associated with third party testing.

16.     When work at site # 6 was finally completed, Lanzo refused to issue the 5-year warranty on its materials and workmanship as required by the Subcontract. To date, this warranty has not been provided.

17.     All conditions precedent and necessary to maintaining this action have occurred, been satisfied, been performed and/or been waived by Liberty.

## Breach of Performance Bond

18.     In the Subcontract, Lanzo agreed to issue a 5-year warranty on its materials and workmanship and to be liable to Proshot for the costs, expenses and damages of any delays it caused.

19.     Lanzo materially breached the Subcontract by refusing to issue the 5-year warranty, by causing delays during installation, and by performing deficient work. Thereafter, Lanzo breached its obligations under the Subcontract by refusing to honor its agreement to bear the costs of the delays it caused.

20.     As a result, Proshot suffered damages, including unanticipated costs and expenses.

21.     The second inspection, which D.C. Water required after observing Lanzo's subpar performance and finding flaws in the CIPP Lining, caused Proshot to suffer additional damages in February and March of 2013.

22.     Lanzo's delays in performance and its deficient work necessitated that Proshot divert resources from other company projects which caused Proshot to incur losses in production.

23.     If Lanzo had performed properly, without causing delays, Proshot would not have incurred the foregoing damages, expenses and losses.

24.     Proshot provided timely notice of non-performance and timely notice of subcontractor default to Lanzo and its surety, Liberty.

25.     To date, Lanzo and Liberty have not honored Lanzo's obligation to bear the cost of its delays nor issued the 5-year warranty.

26.     The failure to issue a 5-year warranty leaves Proshot and D.C. water without recourse in the event that Lanzo's CIPP lining fails.

27.     Liberty is liable for the performance obligations of Lanzo, its principal.

28.     Proshot is entitled to its expenses, costs, and attorneys' fees in bringing its claims pursuant to Section 7 of the Bond.

WHEREFORE, plaintiff Proshot Concrete, Inc. prays that judgment be entered against defendant Liberty Mutual Insurance Company in an amount no less than Three Hundred Eighty-Four Thousand Eight Hundred Seventy–Two Dollars and Five Cents ($384,872.05) and that it be awarded pre- and post-judgment interest, costs, attorneys' fees and such other and further relief as this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Proshot demands a trial by jury on all issues triable as of right.

Dated:  February 13, 2014

FISKE & HARVEY, PLLC
100 N. Pitt Street, Suite 206
Alexandria, Virginia  22314
Telephone: (703) 518-9910
Facsimile: (703) 518-9931

_____
Philip J. Harvey (DC Bar #252080)
pharvey@fiskeharvey.com

*Counsel for Plaintiff*
*Proshot Concrete, Inc.*